Dear Mr. Kennedy:
Reference is made to your recent request for an opinion of this office regarding the participation of Charity Hospital in a program known as Hotels/Motels In Partnership Program (the "Program"). It is our understanding that participation in this Program, which is sponsored by a non-profit corporation known as America Responds With Love, Inc., would allow Charity Hospital to provide temporary lodging to indigent patients and their families when such lodging is in the best interest of and/or necessary for the well-being of indigent patients and their families, and when no other community resource is available or appropriate. Such patients may be stranded upon discharge or may need temporary follow-up care on an out-patient basis. Additionally, you advise that it is often necessary and/or desirable to provide temporary lodging to the family members of such indigent patients when those family members have, out of necessity or convenience to the patient, traveled with the patient to the hospital.
Because participation in the Program would require Charity Hospital to pay an annual administrative fee ($250, $500, $750 or $1,000, depending on the number of hotels/motels utilized), you are interested in determining whether Charity Hospital's participation in the Program would constitute a prohibited donation of state funds to the patients or their families in accordance with La. Const. Art. VII, Sec. 14.
 "(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private . . .
 "(B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy . . ."
Pertinently, LSA-R.S. 17:1519.1 provides that various state hospitals, including Charity Hospital and Medical Center of Louisiana at New Orleans, ". . . shall be operated primarily for the medical care of the uninsured and medically indigent residents of the state . . .". See also: LSA-R.S. 17:1519.3, which pertinently provides that the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (the "Board"):
 ". . . [S]hall have the following general powers and duties, any or all of which it may delegate to the medical center or the division:
 (1) To provide health and medical services including services for the uninsured and medically indigent residents of Louisiana, through the operation of health care facilities and otherwise, as provided in this Subpart . . .
* * *
 (5) To enter into any contract, agreement, or other instrument necessary or convenient in the exercise of the powers and functions of the health care services division and not inconsistent with this Subpart." (Emphasis added).
In conformity with La. Const. Art. VII, Sec. 14(B) of the constitution, LSA-R.S. 17:1519.1 and 1519.3 obligates and authorizes the Board, through its various hospitals, to provide health and medical services to the "uninsured and medically indigent residents of Louisiana". Furthermore, it is our opinion that LSA-R.S. 17:1519.3(1) and (5) authorize participation in programs such as the Hotels/Motels In Partnership Program, which augment and assist the efforts of Charity and the Board in the provision of health, hospital and medical services to the "uninsured and medically indigent residents of Louisiana".
It is the opinion of this office that Charity Hospital can participate in the Hotels/Motels in Partnership Program, and that such an arrangement is not a violation of La. Const. Art. VII, Sec. 14. Rather, the Program will allow Charity to provide more effective medical service to the needy, and as such, Charity's participation in the program falls squarely under the exception provided by Art. VII, Sec. 14(C) for programs of social welfare in aid and support of the needy.
Yours very truly.
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra
Date Received: Date Released:
Jeanne-Marie Zeringue Barham Assistant Attorney General